**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH WALKER TEAGUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:26-cv-319-TFM-M** |
| | ) | |
| **JONES LANG LASALLE AMERICAS INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's *Motion to Transfer, or in the Alternative, to Stay* (Doc. 5, filed 8/12/26). Defendant moves the Court to transfer this action to the Northern District of Illinois, where another case between the parties is pending. Plaintiff timely filed a response in opposition, and Defendant timely filed a reply. *See* Docs. 11, 15. For the reasons stated below, the Court finds the motion is due to be **DENIED**.

## I. BACKGROUND

This matter was originally filed by Plaintiff Elizabeth Walker Teague ("Plaintiff") in the Circuit Court of Mobile County, Alabama, on July 21, 2026. *See* Doc. 1-1. On August 12, 2026, Defendant Jones Lang Lasalle Americas, Inc. ("Defendant") removed the case to this Court. Doc. 1. On August 3, 2026, Defendant filed a related action in the United States District Court for the Northern District of Illinois. *See* Doc. 19 at 2. On August 12, 2026, after removing the instant case to this Court, Defendant filed the instant motion to transfer this case to the Northern District of Illinois. *See* Doc. 5. In the Illinois case, Defendant asserts claims for breach of Promissory Note, breach of contract, and declaratory relief.

This case arises out of Plaintiff's previous employment with Defendant. Doc. 1-2 at 3. Plaintiff is a licensed real estate broker in Alabama, and Defendant is a commercial real estate firm who operates a commercial real estate business in Alabama and throughout the country. *Id.* On or around January 14, 2014, Plaintiff and Defendant entered into an "Independent Contractor Agreement" ("Agreement") which provided that Plaintiff would work as an independent contractor for Defendant. *Id.* The Agreement includes a non-solicitation provision which states that Plaintiff is precluded from soliciting Defendant's employees or clients for a twelve-month period following her separation from Defendant. *Id.* The parties executed three amendments to the Agreement, and each amendment adopted and incorporated the terms of the Agreement. *Id.* The second and third amendments include a non-compete clause which states that Plaintiff is precluded from working in a competing business for six months following her separation from Defendant. *Id.*

On or around May 12, 2025, Plaintiff and Defendant executed a Promissory Note in which Defendant gave Plaintiff a $600,000 loan. *See* Doc. 1-5. The terms of the Promissory Note provide that the debt would be forgiven at a rate of six percent per dollar of cash collected attributable to Plaintiff. *Id.* The Promissory Note terms further provide that if Plaintiff resigned before the debt is repaid or forgiven in its entirety, "the entire outstanding amount of the Debt will become due immediately and payable within thirty (30) days after the [resignation] without further notice or demand." *Id.* The Promissory Note includes a choice of law and forum selection clause which provides:

> This Note has been made and delivered at Chicago, Illinois. Maker agrees that this Note shall be governed by and construed in accordance with the laws of the State of Illinois without giving effect to that state's conflict of laws provisions. Any action for collection on this Note may be initiated in the state or federal courts located in Chicago, Illinois, and Maker consents to jurisdiction and venue in such courts.

Doc. 1-5.

In early July 2026, Plaintiff provided notice to Defendant of her intent to terminate the Agreement. Doc 1-2 at 4. Defendant has demanded that Plaintiff adhere to the restrictive covenants in the Agreement and amendments to the Agreement related to non-solicitation and non-competition. *Id.* Defendant further asserts that Plaintiff owes $487,831.55 on the Promissory Note. Doc. 5 at 4. Plaintiff filed this lawsuit seeking declaratory judgment that the restrictive covenants are void and unenforceable under Alabama law. Doc. 1-2 at 4. She also seeks a declaration that she is owed her earned but unpaid commissions for transactions that closed before she terminated the Agreement. *Id.*

## III. <u>DISCUSSION AND ANALYSIS</u>

### A. Motion to Transfer

Defendant moves the Court to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). *See* Doc. 5. Defendant argues that transfer is appropriate because this action could have been brought in Illinois, the Promissory Note contains a valid and enforceable forum selection clause, and because the § 1404(a) factors favor transfer. *Id.* at 8-9. Plaintiff argues that the motion to transfer should be denied because her case in Alabama was the first-filed and Defendant's claims in the Illinois case are compulsory counterclaims, because her choice of forum in her home city should be given substantial deference, and because the other factors in the transfer analysis weigh heavily in favor of her chosen venue. Doc. 11 at 1.

Under 28 U.S.C. § 1404(a),

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Thus, the Court must first determine whether this action could have been brought in the Northern District of Illinois, the district to which Defendant seeks to transfer this matter.

The Promissory Note contains a forum selection clause, which Defendant essentially argues should be the end of the debate. Forum-selection clauses are characterized and either "permissive" or "mandatory." *See Global Satellite Commc'n Co v. Starmill U.K. LTD*, 378 F.3d 1269, 1272 (11th Cir. 2004). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere," whereas "[a] mandatory clause . . . 'dictates an exclusive forum for litigation under the contract.'" *Id.* (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999)); *see also Slater v. Energy Servs. Grp. Int'l*, 634 F.3d 1326, 1330 (11th Cir. 2011) (stating the same). In this case, the forum selection clause in the Promissory Note states: "Any action for collection on this Note may be initiated in the state or federal courts located in Chicago, Illinois[.]". Doc. 1-5. The use of the word may, along with the absence of any additional language requiring that such actions only be brought in Chicago, Illinois, reveal that the relevant forum selection clause in this case is permissive. Thus, while the forum selection clause permits the parties to bring suit in Chicago, it does not prohibit Plaintiff from filing suit in another appropriate venue, such as this district.

However, Plaintiff's claims are not related to the Promissory Note. Plaintiff only seeks declaratory judgment related to the restrictive covenants in the Agreement, and compensation that she believes she is owed under the Agreement. *See* Doc. 1-2. Plaintiff states that she does not dispute that she owes money to Defendant related to the Promissory Note, and that she "has every intention of paying what she owes on the Note once she receives the final offset calculation that she has requested from [Defendant]." Doc. 11 at 6. Because Plaintiff's claims seek declaratory judgment under the Agreement—which does not include the forum selection clause—rather than the Promissory Note, the forum selection clause is not applicable to them.

The Agreement does include, however, a governing law provision which states: "This Agreement is governed by the laws of the State of Illinois." Doc. 5-1 at 23. Additionally, the

Defendant's principal place of business is located in Chicago, Illinois. Doc. 1 at 2. Courts have interpreted where an action "might have been brought" within the meaning of 28 U.S.C. § 1404(a) to mean a district in which the plaintiff had a right to sue the defendant. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Gilpin v. Wilson*, 148 F. Supp. 493, 495 (N.D. Ala. 1957) (noting that the phrase, "might have been brought" refers to district wherein service of process could be legally served upon the defendant). In this case, Plaintiff could have legally served process on Defendant in Chicago, Illinois. Thus, the Northern District of Illinois is a court in which this action "might have been brought" for purposes of 28 U.S.C. § 1404(a).

Because the Northern District of Illinois is a court where this action might have been brought, the Court turns to the § 1404(a) factors to determine whether transfer is warranted. "The Supreme Court has explained that '[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *S. Mills, Inc. v. Nunes*, 746 F.3d 1223, 1226 (11th Cir. 2014) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.3d 570, 573 (11th Cir. 1989).

The Court must weigh the following factors to determine whether to transfer this matter:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp 993, 996 (S.D.N.Y. 1990)). "The plaintiff's choice of forum

should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

**i. The Convenience of the Witnesses**

Defendant argues that its witnesses most relevant to the Note, compensation administration, repayment calculations, commission accounting, and offset issues are likely centered in or accessible from Illinois. Doc. 5 at 10. Defendant focuses on the Note, which while it has some relevance to Plaintiff's claim for her unpaid commissions, is not the agreement for which Plaintiff seeks declaratory judgment. Additionally, Defendant does not provide further detail as to whether and how it would be inconvenient for those witnesses to appear in Alabama, if necessary. Plaintiff identifies one non-party witness, Lisa Fawcett, who is located in Alabama. Doc. 11 at 17. However, as Defendant notes, it appears that Ms. Fawcett is more relevant to Defendant's claims pending in the Northern District of Illinois, rather than Plaintiff's claims pending before this court. *See id.*; Doc. 15 at 11.

The Court finds that neither party has presented a particularly compelling argument on this factor, and it is neutral.

**ii. The Location of Relevant Documents and the Relative Ease of Access to Proof**

Defendant argues that certain records "most relevant to the Note, compensation administration, repayment calculations, commission accounting, and offset issues are likely centered in or accessible from Illinois." Doc. 5 at 10. Defendant does not elaborate much further on the details of this facts, except to say that transfer "would place the case in the forum most connected to the documentary and corporate proof underlying the parties' broader dispute." *Id.* Plaintiff counters that Defendant has made no showing that there are documents or other sources of proof physically in Chicago that could not easily be presented in Mobile. Doc. 11 at 18.

Additionally, Plaintiff notes that Defendant had an office in Mobile less than a mile from the federal courthouse where it could access company emails or other documents. *Id.* Additionally, in today's digital world, the location of the documents is no longer as much of a concern as it once was as documents can generally be stored and accessed electronically. The Court agrees that Defendant has not made a significant showing as to this factor and that it is neutral.

**iii. The Convenience of the Parties**

Defendant argues that the Northern District of Illinois is more convenient. In making this argument, Defendant states that "Teague also is not pauper. She has earned millions of dollars under her relationship with [Defendant] and has the means to litigate in the forum to which she agreed." Doc. 5 at 10. The Court notes that the Agreement under which Plaintiff seeks declaratory judgment does not provide a forum selection clause, and the forum selection clause that Defendant is referring to is permissive, not mandatory. Thus, Defendant's argument that she should have to litigate in the forum to which she agreed is less compelling than it might first appear. Plaintiff argues that convenience weighs in favor of Mobile because she is located in Mobile, along with another JLL witness (Wil Amanor), and because the remainder of the leadership team that she dealt with resides outside of Illinois in either Houston, Dallas, Atlanta, or Birmingham, all of which would require travel regardless but are closer to Mobile. Plaintiff may not be a pauper, but she is an individual with less resources than the Defendant has it its disposal. The Court finds this factor favors the Plaintiff.

**iv. The Relative Means of the Parties**

Defendant does not make much argument as to this factor except to state, as noted above, that "Teague is no pauper" and she "has earned millions of dollars under her relationship with JLL[.]". Doc. 5 at 10. Defendant further notes in reply that, while it is a company, it is made up of people who would also be inconvenienced by any travel to Mobile should the case remain here.

*See* Doc. 15 at 13. Plaintiff argues that, based on publicly available data, Defendant is a subsidiary of Jones Land LaSalle Inc., which is a billion-dollar company with $26.1 billion is revenue in 2025 and is the second-largest commercial real estate services firm in the world, with 318 corporate offices world-wide. Doc. 11 at 19. Plaintiff further states that while she has been successful, she is just an individual residing in Mobile with 4 children. *Id.*

The Court understands the general sentiment put forth by Defendant that it is also made up of people who would similarly be required to travel away from their families should the case remain in Mobile. However, it appears that this would be the case whether this case remained in Mobile or was transferred to Chicago. Additionally, despite Plaintiff's success in making millions, this factor looks to the *relative* means of the parties. On that point, relatively, the multi-billion-dollar company has greater means to travel for litigation than an individual, even an individual who has earned millions of dollars. Accordingly, the Court finds this factor weighs slightly in Plaintiff's favor.

**v. The Locus of Operative Facts**

Defendant does not appear to make much of an argument as to this factor, though it does point out that "[m]any of the key issues in this case concern JLL's administration of Teague's compensation, commissions, loan forgiveness, repayment obligations, and set off rights, all of which were administered by JLL from Illinois." Doc. 5 at 10. Plaintiff argues that she signed all of her agreements with Defendant in Mobile, she worked in Defendant's office in Mobile, and she handled real estate transactions in Alabama and other nearby states, but never in Illinois. Doc. 11 at 18. She also points out that she dealt with Defendant's executive leadership located in the Southeast, and that Defendant's claim that she solicited Ms. Fawcett related to alleged conduct in Mobile. *Id.* at 19. The Court agrees that, given Plaintiff was performing her work for Defendant in Alabama and worked out of the Mobile office, this factor favors Mobile.

**vi. The Availability of Process to Compel the Attendance of Unwilling Witnesses**

Defendant states that "[t]he availability of process to compel unwilling witnesses is, at worst, neutral because the witnesses most relevant to the documents, the enforceability of the restrictive covenants, the payment or offset of Teague's commissions, and the obligations under the Note are expected to be party witnesses or corporate representatives subject to the parties' control." Doc. 5 at 10-11. Plaintiff argues that this factor favors Mobile because "[a]t present, the only potential non-party witnesses who may need to be compelled to testify are either in Mobile or in locations closer to Mobile than Chicago." Doc. 11 at 19. The Court finds that this factor slightly weighs in favor of Mobile, given the only potential non-party witness that either party names at this point in the litigation is located in Mobile.

**vii. A Forum's Familiarity with the Governing Law**

Defendant argues that the governing law strongly favors transfer because the Agreement central to this dispute, along with the Promissory Note, contain provisions that state they are governed by Illinois law. Doc. 5 at 11. Plaintiff counters that Alabama law actually applies to the dispute over the restrictive covenants. Doc. 11 at 19. Additionally, Plaintiff states that the other issues in the dispute involve "simple contract interpretation" and "do not involve any complicated nuances where one court may have an advantage in the particular state's law." *Id.* at 19-20.

Whether Alabama law applies is not an issue currently before the Court. While the issue may ultimately arise later in the proceedings, it is not for the Court to analyze at this time. At this time, given that the Agreement at issue has a governing law provision which provides that Illinois law governs the Agreement, the Court agrees with Defendant that this factor, under circumstances before the Court at this time, weighs in favor of transfer. That said, federal courts regularly review various jurisdictions' laws, and this factor therefore does not carry a particularly heavy weight.

**viii. The Weight Accorded a Plaintiff's Choice of Forum**

Defendant acknowledges that Plaintiff has chosen Alabama the forum to adjudicate her claims. However, Defendant argues that her "forum choice should not outweigh the parties' contractual forum expectations or the practical benefits of resolving the entire dispute in Illinois." Doc. 5 at 13. Plaintiff argues that her choice of forum—Mobile, Alabama—where she lives should be given great deference. Doc. 11 at 20.

"The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). Defendant argues that little weight should be accorded to Plaintiff's choice of forum because of contractual forum expectations and because there are practical benefits of resolving the entire dispute in Illinois. However, the contract does not mandate that all cases arising out of the Agreement be brought in Illinois. In fact, the Agreement under which Plaintiff brings her claims does not include a forum selection clause. Only the Promissory Note has a forum selection clause, and even that clause, as analyzed above, is permissive—not mandatory. Additionally, Defendant argues the "practical benefit" of resolving the entire dispute in Illinois minimizes Plaintiff's forum selection. However, Defendant filed its claims in Illinois after Plaintiff filed her claims in Alabama. So—on the subject of practicality—it would have been more practical for Defendant to bring its claims as counterclaims in the action Plaintiff already filed.

Ultimately, Defendant's arguments are unconvincing, and the Court finds this factor weighs strongly in Plaintiff's favor.

**ix. Trial Efficiency and the Interests of Justice**

Finally, Defendant argues that trial efficiency and the interests of justice weigh in favor of transfer. Specifically, Defendant asserts that the pending case in the Northern District of Illinois favors transfer due to the opportunity to consolidate the cases and conserve judicial resources.

Doc. 5 at 12. Defendant further states that although Plaintiff's case was the first-filed, it should be accorded less weight because her filing was anticipatory and because there is a parallel coercive action (the action Defendant later filed in Illinois) that more comprehensively presents the parties' dispute.

Plaintiff does not elaborate much on this factor but merely states that Defendant "has made no showing that the trial of this case could be done more efficiently in Chicago or that the interests of justice support a transfer." Doc. 11 at 20. The Court is likewise unconvinced by Defendant's arguments. First, Defendant created the inefficiency by choosing to file suit in another forum and bring its claims in a separate lawsuit in a different state, rather than filing them as compulsory counterclaims in this lawsuit that was already filed.

"District courts across the Eleventh Circuit have held that the first-filed court should decide whether to apply the first-filed rule." *Eddins v. Kestra Fin., Inc.*, Civ. Act. No. 26-00138-KD-MU, 2026 WL 2658428, 2026 U.S. Dist. LEXIS 203326, at *4-5 (S.D. Ala. Sept. 9, 2026) (quoting *Humbert v. Bytedance, Inc.*, Civ. Act. No. 5:24cv236-MW/MJF, 2025 WL 2412155, 2025 U.S. Dist. LEXIS 187124 (N.D. Fla. Jan. 28, 2025) (collecting cases)); *see also AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1299 n.4 (11th Cir. 2022) (noting that the first-filed rule would typically favor having the Northern District of Alabama, where the case was first-filed, decide a declaratory judgment action absent compelling circumstances).

First, the Court notes that Defendant has provided very little support, beyond conclusory allegations, for its argument that Plaintiff's filing in Alabama was anticipatory. Additionally, the action is not solely a declaratory judgment action as Plaintiff also brings a breach of contract claim, making it also a coercive action. Further, the Defendant has not convinced this Court that transferring this case to the Northern District of Illinois would be any better in terms of consolidation and preservation of judicial resources than Defendant bringing its claims as

compulsory counterclaims, rather than filing an entire new action in a separate court as it chose to do.

Ultimately, the Court finds that this factor is relatively neutral, though the fact that this case is the first-filed tips the interests of justice in favor of the Plaintiff.

**x. Conclusion**

As noted above, many of the factors in this case are neutral. While the governing law factor weighs in favor of transfer as it currently stands, there is great weight accorded to Plaintiff's choice of forum and the interests of justice. The Court finds that the factors ultimately weigh in favor of denying transfer.

**B. Alternative Motion to Stay**

Alternatively, Defendant moves the Court to stay this case pending ruling on Defendant's motion for preliminary injunction in the parallel case, *Jones Lang LaSalle Americas, Inc. v. Teague*, Northern District of Illinois, Case No. 1:26-cv-09247. However, the Northern District of Illinois entered an order on October 5, 2026 denying the motion for preliminary injunction without prejudice and with leave to refile pending this Court's resolution of the motion to transfer. A court may take judicial notice of another court proceeding "for the limited purpose of recognizing the 'judicial act' that the order represents . . .." *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The Court takes judicial notice that the Northern District of Illinois denied the motion for preliminary injunction with leave to refile pending this Court's resolution of the instant motion to transfer. Thus, the motion for preliminary injunction is no longer pending. Accordingly, the alternative motion to stay is moot.

## IV. CONCLUSION

For the reasons stated above, the *Motion to Transfer, or in the Alternative, to Stay* (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** this 5th day of November, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE